UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:97-CR-003-TBR

UNITED STATES OF AMERICA,                                          PLAINTIFF

v.

NORMAN O. BROOKS,                                                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant Norman Brooks's Motion for

Recommendation as to the Second Chance Act of 2007, [R. 59]. Plaintiff United States

responded, [R. 62]. This matter is ripe for adjudication. For the reasons stated herein, Defendant

Brooks's Motion for Recommendation as to the Second Chance Act of 2007, [R. 59], is

**DENIED**.

On November 6, 1997, Brooks was sentenced to a total of 300 months imprisonment for

a series of bank robberies. [R. 59 at 1.] Recently, Brooks filed a motion informing the Court

about his rehabilitation and the Second Chance Act of 2007, 42 U.S.C. §§ 17501-17555. [*See*

*generally* R. 59.] In his motion, Brooks requests that the Court recommend to the Bureau of

Prisons ("BOP") that he be placed in a halfway house or home confinement. [*Id*. at 4.] The

United States argues that the Second Chance Act of 2007 does not confer jurisdiction on this

Court to order the BOP to release prisoners or admit them to particular programs. [R. 62 at 1.]

As stated by the Supreme Court, "the Second Chance Act, Pub.L. No. 110–199, 122

Stat. 657 *514 (Apr. 9, 2008), amended 18 U.S.C. § 3624(c) to 'authorize[ ] the BOP to consider

placing an inmate in an RRC[1] for up to the final 12 months of his or her sentence, rather than the

---

[1] RRC is an abbreviation for Residential Re-entry Center. *See Demis*, 558 F.3d at 510.

final six months that were available pre-amendment.'" *Demis v. Sniezek*, 558 F.3d 508, 513–14 (6th Cir. 2009) (quoting *Montes v. Sanders,* No. CV 07–7284, 2008 WL 2844494, at *1 (C.D. Cal. July 22, 2008)). An inmate's eligibility under the Second Chance Act "does not guarantee RCC placement, but only directs the BOP to consider it." *United States v. Oliver*, No. 3:17-CR-41.3, 2018 WL 3902151, at *1 (E.D. Tenn. Aug. 14, 2018) (citing *Demis*, 558 F.3d at 514). "Congress left this decision solely within the BOP's discretion." *Id.* "Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." 18 U.S.C. § 3621. "While a court may make non-binding recommendations for RRC placement, the BOP has the exclusive authority to determine if an inmate should be placed in an RRC and, if so, for how long." *United States v. Parks*, No. 1:17-CR-00137, 2018 WL 3135940, at *1 (N.D. Ohio June 27, 2018) (citing 18 U.S.C. § 3621(b); *Martin v. United States*, No. 05-17, 2008 WL 3546433, at *1-2 (W.D. Pa. Aug. 12, 2008)).

It appears from Brooks's motion that he is requesting a non-binding judicial recommendation from the Court, rather than an order to reduce his sentence. However, the BOP has the most complete and accurate information in considering end of sentence determinations, and it ultimately has authority over Brooks's placement, date of release, and/or any pre-release. 18 U.S.C. § 3624 and § 3621; *see also Parks*, No. 1:17-CR-00137, 2018 WL 3135940, at *2 ("[T]he BOP is in the best position to determine if an inmate is suitable for placement in a half-way house or an RRC"); *United States v. George*, No. 14-20119, 2018 WL 2148179, at *3 (E.D. Mich. May 10, 2018) ("The BOP has the most complete and accurate information regarding the

five factors to make an individual determination regarding Defendant's placement . . .”). Thus, the Court will not attempt to influence what is ultimately the BOP's decision.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**: Defendant Brooks's Motion for Recommendation as to the Second Chance Act of 2007, [R. 59], is **DENIED**.

**IT IS SO ORDERED**.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

January 7, 2019

cc: Counsel of Record

Norman Brooks, pro se
Reg. No. 05992-033
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, New Jersey, 08640